E-FILED
Tuesday, 05 May, 2026 12:11:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JEREMIAH BRADFIELD, individually and as representative of the ESTATE OF EDDIE JAMES BRADFIELD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:26-cv-04103-SLD-RLH |
| OSF ST. MARY MEDICAL CENTER, GALESBURG HOSPITAL AMBULANCE SERVICE, GALESBURG FIRE DEPARTMENT, JOHN DOE EMT #1, JOHN DOE EMT #2, JOHN DOE EMT # 3, JOHN/JANE DOES 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER

Plaintiff Jeremiah Bradfield, individually and as representative of the Estate of Eddie James Bradfield, files suit against Defendants arising out of Eddie James Bradfield's ("Decedent") death on December 5, 2025. *See generally* Compl., ECF No. 1. The matter comes before the Court for ruling on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and for screening of the complaint. For the reasons that follow, the motion for leave to proceed IFP is GRANTED and Plaintiff is ORDERED to provide a statement identifying the beneficiaries of Decedent's estate and Decedent's next of kin.

I.      **Motion for Leave to Proceed IFP**

Plaintiff moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). He submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. IFP Mot. 1–5. His motion to proceed IFP, therefore, is GRANTED.

1

## II.    Review of Complaint

Plaintiff brings the following claims: 1) that Defendants violated Decedent's constitutional right to equal protection; 2) that Defendants violated Decedent's constitutional right to due process; 3) that Defendants violated Decedent's right to equal treatment under 42 U.S.C. § 2000d; 4) that Defendants violated Decedent's rights under the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; 5) a claim under Illinois's Wrongful Death Act, 740 ILCS 180/0.01–2.2; 6) medical malpractice under Illinois common law; and 7) a claim under the Illinois Survival Act, 755 ILCS 5/27-6.  Compl. 17–18.

Plaintiff largely seeks to bring claims based on violation of Decedent's rights rather than his own rights.  The Illinois Survival Act provides that certain state law causes of action, including actions for personal injury, survive an individual's death.  755 ILCS 5/27-6.  It "allows a representative of the decedent to maintain those statutory or common-law actions that had already accrued to the decedent before he or she died." *Moon v. Rhode*, 67 N.E.3d 220, 226 (Ill. 2016).  Plaintiff's count 7 is DISMISSED because the Illinois Survival Act does not create its own cause of action. *Id.*

Counts 1 through 4 and 6, to the extent they seek damages for violation of Decedent's rights before he died, can only be brought if they survived Decedent's death.  "Federal law governs whether a federal claim survives." *Bennett v. Tucker*, 827 F.2d 63, 67 (7th Cir. 1987). But federal courts look to state law to determine whether a claim survives. *See id.*  The Illinois medical malpractice claim certainly survives under 755 ILCS 5/27-6 as an action for personal injury.  The Seventh Circuit has held that, in Illinois, § 1983 claims survive an individual's death. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007).  The EMTALA and § 2000d claims may also survive as analogous to personal injury actions. *Cf. Bennett*, 827 F.2d at 67–68

2

(noting that to determine whether a federal claim survives, the court looks to state law and considering what type of state law claim to analogize a § 1983 claim to).

However, any surviving claims belong to Decedent's estate. And a *pro se* plaintiff—that is, a person without a lawyer—cannot represent an estate in court unless he is the only beneficiary of the estate. *See Malone*, 474 F.3d at 937 ("[A]dministrators [of an estate] do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate."); *see* 28 U.S.C. § 1654 (providing that a party may only "plead and conduct [his] own cases personally or by counsel"). Plaintiff alleges that he is the court-appointed representative of Decedent's estate. Compl. 3. This suggests that Decedent died intestate (meaning without a will). State law sets the rules for distribution of an intestate estate. *See* 755 ILCS 5/2-1. Plaintiff attached to his complaint a letter indicating that he and Decedent's brother Archie Bradfield have the authority to "[r]epresent the estate and family in all matters" and an authorization for release of medical records that is signed by Catherine Bradfield who is identified as "the mother and closest next of kin of" Decedent. Documents 1–2, ECF No. 1-1. These documents strongly imply that Plaintiff is not the sole beneficiary of Decedent's estate.

The Illinois Wrongful Death Act provides a cause of action for damages when a person's death is "caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the [deceased] to maintain an action and recover damages." 740 ILCS 180/1; *see Rodgers v. Cook County*, 998 N.E.2d 164, 172 (Ill. App. Ct. 2013) ("[T]he Wrongful Death Act covers injuries suffered by the next of kin because of and after the decedent's death . . . ."). Wrongful death claims must be brought "by and in the names of the personal representatives of [the] deceased person," but the amount recovered in the suit is "for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740

3

ILCS 180/2(a). Because a plaintiff bringing a Wrongful Death Act claim represents the interests of the surviving spouse and next of kin, he cannot bring the claim *pro se*, presumably unless he is the sole next of kin. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants . . . ."). "'[N]ext of kin,' for purposes of the Wrongful Death Act, are those blood relatives of decedent in existence at decedent's death who would take decedent's property if decedent had died intestate." *In re Estate of Finley*, 601 N.E.2d 699, 701 (Ill. 1992). If Decedent died intestate, then, the beneficiaries of his estate and his next of kin for purposes of the Wrongful Death Act are the same. The documents attached to Plaintiff's complaint seem to confirm that Plaintiff is *not* Decedent's sole next of kin. If that is the case, he cannot bring this claim *pro se*.

**CONCLUSION**

For the foregoing reasons, Plaintiff Jeremiah Bradfield's motion for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED. Plaintiff is DIRECTED to file by May 26, 2026, a statement identifying: 1) whether Decedent Eddie James Bradfield died without a will; 2) the family members who would be beneficiaries of Decedent's estate under 755 ILCS 5/2-1; and 3) if Decedent had a will, the beneficiaries of his estate under the will.

Entered this 5th day of May, 2026.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE

4
